UNITED STATES DISTRICT COURT
DISTRICT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HOWARD BLOOMGARDEN, | ) | |
| R8561852 | ) | |
| TWIN TOWER CORRECTIONAL | ) | |
| FACILITY, TERMINAL ANNEX | ) | |
| 450 BAUCHET STREET | ) | |
| LOS ANGELES, CA 90086-0164, | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | NO. |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE, | ) | |
| 950 PENNSYLVANIA AVE., N.W. | ) | |
| WASHINGTON, D.C. 20530, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

COMPLAINT

NOW COMES Howard Bloomgarden and, pursuant to Federal Rules of Civil Procedure Rule 8,

complains as follows:

**Parties**

1.   Plaintiff Howard Bloomgarden is a citizen of the United States currently in the custody of

the State of California pursuant to a murder prosecution styled *People v. Bloomgarden*, BA

12856401 (Los Angeles Super. Ct.) (the "California Prosecution").

2.   The United States Department of Justice ("DOJ") is an agency of the United States and

has its headquarters in this District.

**Jurisdiction**

3.   This Court has jurisdiction over this action because it arises under federal law. 28 U.S.C.

§ 1331.

1

## Background

4.  In 1995, Mr. Bloomgarden was the target of a joint criminal investigation involving the United States District Attorney's Office for the Eastern District of New York, the State of California, and other state and federal agencies.

5.  In 1995, Mr. Bloomgarden agreed to conduct a series of proffer sessions because of express representations that the Eastern District of New York and California, among other entities, would be bound by the proffer agreement's terms, including evidentiary protections for information disclosed in the proffer, so that Mr. Bloomgarden could explore a potential plea.

6.  After being presented with the proffer agreement by then Assistant U.S. Attorney Raymond Granger, which was purportedly signed on behalf of the United States and the State of California, Mr. Bloomgarden conducted several proffer sessions.

7.  Former Assistant U.S. Attorney Granger, who coordinated the joint federal-state investigation, was terminated for cause in November 1995.

8.  After Mr. Granger's termination, the California State's Attorney's Office indicated that Mr. Granger was not authorized to sign the proffer agreement on behalf of the relevant California Assistant District Attorney—i.e. essentially forged the signature—and, as such, the District Attorney's Office refused to honor the proffer agreement.

9.  Eventually, Mr. Bloomgarden pleaded guilty to federal drug, conspiracy, and Travel Act charges to resolve the federal component of the investigation.

10. In the subsequent California Prosecution, the State of California charged Mr. Bloomgarden with capital murder and sought the death penalty. The State relied upon information obtained from Mr. Bloomgarden's proffers at trial, which resulted in a conviction; and in the death-

penalty phase, which resulted in a jury verdict for life imprisonment.

11. The District Attorney's Office in the California Prosecution denies having any knowledge that former Assistant United States Attorney Granger entered into the proffer agreements on its behalf.

12. If evidence establishes that former AUSA Granger fraudulently signed the proffer agreement or otherwise committed prosecutorial misconduct, Mr. Bloomgarden would be entitled to a new trial in California at which evidence obtained from the fraudulent proffers could not be admitted.

13. Mr. Bloomgarden is scheduled to be sentenced in California on May 8, 2015.  At the same time as the sentencing hearing, the California trial court will hold a hearing on Mr. Bloomgarden's motion for new trial.

14. If evidence establishes that former AUSA Granger fraudulently signed the proffer agreement or otherwise committed prosecutorial misconduct, Mr. Bloomgarden may also be able to reopen his federal criminal conviction as well as a Florida state plea agreement that was founded on the same fraudulent proffers.

### Count I – Violation of the Administrative Procedures Act

15. Mr. Bloomgarden incorporates by reference each of the foregoing paragraphs as if fully set forth here.

16. Pursuant to the regulations of the DOJ set forth in 28 C.F.R. §§ 16.21-29, Mr. Bloomgarden served the subpoena attached as Exhibit A on December 15, 2014, and again on January 13, 2015, requesting, among other things:

All favorable, impeaching, mitigating, or exculpatory materials – to Howard

Bloomgarden – including under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, contained within the **DJ file number 35-16-4558, captioned Granger, Raymond v. DOJ. The identified records consist of a 35 page letter addressed to AUSA Granger, a 5 page list of Exhibits and 7 binders of Exhibits totaling 3,649 pages**. <u>These documents originated at the office of the U.S. Attorney for the Eastern District of New York</u>.

(the "Subpoenaed Materials").

17. The DOJ has advised Mr. Bloomgarden's counsel that it does not intend to produce the Subpoenaed Materials and that it will provide no further response to Mr. Bloomgarden's administrative demand under 28 C.F.R. §§ 16.21-29.

18. The DOJ is in possession of documents that, if directly held in the hands of the State of California, would be subject to disclosure pursuant to the Sixth and Fourteenth Amendments to the United States Constitution.

19. The DOJ is in possession of documents that, if the federal prosecution against him were still pending, would be subject to disclosure pursuant to the Fifth and Sixth Amendments to the United States Constitution.

20. The Subpoenaed Documents are material to Mr. Bloomgarden's criminal defense in the California Prosecution.

21. The DOJ's refusal to release the Subpoenaed Materials for use in Mr. Bloomgarden's criminal defense is subject to judicial review. 5 U.S.C. § 702.

22. The DOJ's actions are arbitrary, capricious, and an abuse of discretion and/or contrary to constitutional right.

### Prayer for Relief

WHEREFORE, Mr. Bloomgarden respectfully requests that this Court:

A. Order the DOJ to release all the Subpoenaed Materials to Mr. Bloomgarden;

B. Award Mr. Bloomgarden his costs;

C. Award Mr. Bloomgarden attorney's fees; and

D. Award Mr. Bloomgarden such further relief as justice may require.

Respectfully submitted,

HOWARD BLOOMGARDEN

_____
Scott A. Hodes

D.C. Bar No. 430375
SCOTT HODES, Attorney at Law
P.O. Box 42002
Washington, DC 20015
(301) 404-0502
Fax: (413) 641-2833
Email: infoprivacylaw@yahoo.com